1
2
3
4
5
6
7

8
## UNITED STATES DISTRICT COURT

9
## CENTRAL DISTRICT OF CALIFORNIA

10
| | |
|---|---|
| GERHARD B. BECKMANN d/b/a BECKMANN ENGINEERING, | Case No. SACV 11-01421-JGB-(RNBx) |

11
| Plaintiff, | [~~REVISED PROPOSED~~] STIPULATED |

12
| v. | PROTECTIVE ORDER |

13
| SYNERTECH P/M, INC., KITTYHAWK, INC., CHARLES J. | |

14
| BARRE, VICTOR SAMAROV, IGOR TROITSKI, DMITRY | **DISCOVERY MATTER** |

15
| SELIVERSTOV, EVGENY KHOMYAKOV and ROY | **[Magistrate Judge Robert N. Block]** |

16
| MORRELL, | |

17
| Defendants. | |

18

19
## 1. PURPOSES AND LIMITATIONS

20
The Court, having considered the Stipulation for Entry of Protect Order filed

21
by the parties, finds:

22
1.1.  That documents or information containing or consisting of confidential

23
proprietary and business information and/or trade secrets ("Confidential

24
Information") that bear significantly on the parties' claims or defenses will likely be

25
disclosed or produced during the course of discovery in this litigation;

26
1.2.  That public dissemination and disclosure of a party's Confidential

27
Information could injure or damage the party disclosing or producing the

28
Confidential Information and could place that party at a competitive disadvantage;

1.3.   That the issuance of a protective order would protect the respective interests of the parties and facilitate the process of disclosure and discovery in this case; and

1.4.   That the [Proposed] Stipulated Protective Order agreed to by the parties in this matter is in conformity with Local Rule 79-5.

Based upon the foregoing the Court further finds that good cause exists for the entry of the within following Stipulated Protective Order ("Order").

This Order is intended to apply to information which qualifies as Confidential Information or Items, as defined below.  It is not intended to confer blanket protections on all disclosures or responses to discovery.  As set forth in Section 10, below, this Order creates no entitlement to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

2.1. Party: any party to this action, including all of its officers, directors and employees.

2.2. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.  Confidential Information or Items: information (regardless of how generated, stored or maintained) or tangible things used by a Designating Party in, or pertaining to, its business, which are not generally known and which that party would normally not disclose to third parties or, if disclosed, would require such third parties to maintain in confidence, including (i) information that has not been made public and that constitutes, reflects or discloses a "trade secret" as that term is defined in California Civil Code section 3426.1, (ii) other confidential research,

development, or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and (iii) information that is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

2.4.  Highly Confidential Information or Items: extremely sensitive Confidential Information or Items which (i) a Producing Party in good faith believes to be of an extremely high degree of commercial sensitivity whose disclosure to another Party in this case or a non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means and/or would provide a competitive advantage to another Party if disclosed, and/or (ii)  a Producing Party is under a duty to preserve as confidential under an agreement with, or other obligation to, another person.

2.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

2.8. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential."  Protected Materials, without limitation, shall **NOT** include: (a) publicly disseminated advertising materials; (b) materials that have been published to the general public; or (c) documents that have been submitted to any governmental entity without request for confidential treatment or that otherwise do not qualify for confidential treatment under applicable governmental laws or regulations.

2.9. <u>Outside Counsel</u>: attorneys, along with their paralegals and other support personnel, who are not employees of a Party but who are retained to represent or advise a Party and who have entered an appearance in this action.

2.10. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in this action, and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony or conversations by Parties or Outside Counsel that might reveal Protected Material.  However, this Order shall not be construed to cause any Outside Counsel to produce, return, and/or destroy their attorney work product, or the work product of their co-counsel.

## 4. <u>DURATION</u>

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or a court orders otherwise.

## 5. <u>DESIGNATING PROTECTED MATERIAL</u>

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards and avoid indiscriminate designations.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., Paragraph 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form (apart from transcripts of depositions)</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (or some comparable designation such as "CONFIDENTIAL – ATTORNEYS' EYES ONLY") on the face of each page that contains protected material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL").

(b) <u>for testimony given in deposition</u>, that a Party or non-party that sponsors, offers, gives, or elicits the testimony make an appropriate statement on the record at the time the testimony is given that the testimony is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", whereupon the reporter shall separately bind the designated portions and make mark the original and all copies of those portions of the transcript with an appropriate designation.  If a party

fails to designate any portion of a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time the deposition is taken, that party may, within ten (10) days following receipt of the deposition transcript, designate all or any portion of the transcript as Protected Material by notifying all other parties in writing of the portions of the transcript to be so designated.  Upon receipt of such designation, the party or parties receiving the written notice shall treat the deposition testimony per the designation under this Stipulated Protective Order.  Any use of the testimony or submission of such testimony to the Court prior to the late designation need not be retracted.   Nothing in this paragraph shall prevent the Receiving Party from objecting to the designation, following the procedures and burdens of proof otherwise set forth herein for objecting to confidentiality designations.

(c) <u>for information produced in some form other than documentary, and for tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL."

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is re-designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4. <u>Increasing the Designation of Information or Items Produced by Other Parties or Non-Parties</u>. Subject to the standards of Paragraph 5.1, a Party may

increase the designation (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the upward Designating Party's own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  Any such increase in the designation of a document shall be made within thirty (30) days of the date of its production, unless good cause is shown for a later increase in the designation.

Increasing a designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material whose designation is to be increased.  Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials.  Any Party may object to the increased designation of Disclosure or Discovery Materials pursuant to the procedures set forth in Section 6 regarding challenging designations.  The upward Designating Party shall bear the burden of establishing the basis for the increased designation.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must

begin the process by notifying the Designating Party in writing, by telephone or in person of its challenge, identifying the challenged material, then conferring directly in voice-to-voice dialogue (other forms of communications are not sufficient) with counsel for the Designating Party.  The Parties must meet and confer in good faith as required by Local Rule 37-1.  Each Party must explain the basis for its respective position about the propriety of the challenged confidentiality designations.   The parties shall have seven (7) days from the initial notification of a challenge to complete this meet and confer process.  A Party may proceed to the next stage of the challenge process by filing a motion for an order removing or changing a confidentiality designation only if it has engaged in this meet and confer process first.

6.3.  <u>Judicial Intervention</u>.   Any motion challenging a confidentiality designation shall be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).  In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party.  If the parties are not able to resolve a dispute about a confidentiality designation within the time provided in Local Rule 37-1, the parties shall, within seven (7) days thereafter, prepare and present to the Court a joint stipulation under Local Rule 37-2 that identifies the challenged material and sets forth the respective positions of the parties about the propriety of the challenged confidentiality designations.  Until the ruling on the dispute becomes final, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

In the event that the final ruling is that the challenged material is not confidential or that its designation should be changed, the Designating Party shall, at its own expense, re-produce copies of all materials with their designations removed or changed in accordance with the ruling within thirty (30) days.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party only in connection with this action for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party, if the Receiving Party is an individual or, if not an individual, no more than three current or former officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" attached to this Stipulated Protective Order as Exhibit A (the "Acknowledgement");

(b) the Receiving Party's Outside Counsel, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts (as that term is defined in this Order) with respect to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgement;

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgement;

(f) for documents designated as Protected Material, all authors, addressees, and clearly intended recipients of the document;

(g) witnesses or prospective witnesses in the action to whom disclosure is reasonably necessary for the litigation and who have signed the Acknowledgement; provided that, Confidential Information may be disclosed to a witness during their deposition, but only if they have executed the Acknowledgement, which shall be made an exhibit to the deposition transcript, or have agreed on the record to keep the information confidential and not to use it for any purpose, or have been ordered to do so; and

(h) any other persons to whom the Designating Party agrees in writing or on the record, and any other person to whom the Court compels access to the Confidential Information.

7.3. <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation, except that Defendant Igor Troitski shall have access to "HIGHLY CONFIDENTIAL" Information or Items for so long as he does not have Outside Counsel;

(b) Experts (as that term is defined in this Order) with respect to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgement;

1   (c) the Court and its personnel;

2   (d) court reporters, their staffs, and Professional Vendors to whom disclosure

3   is reasonably necessary for this litigation and who have signed the

4   Acknowledgement;

5   (e) for documents designated as "Protected Material" all authors, addressees

6   and clearly intended recipients of the document; and

7   (f) any other persons to whom the Designating Party agrees in writing or on

8   the record, and any other person to whom the Court compels access to the HIGHLY

9   CONFIDENTIAL Information.

10   7.4 <u>Retention of Exhibit A</u>.  Outside Counsel for the Party that obtains any

11   signed Acknowledgments, as required above, shall retain them for six (6) months

12   following the final termination of this action, including any appeals, and shall make

13   them available to other Parties upon good cause shown.

14   7.5 <u>Retention of Protected Material</u>. Persons who have been shown Protected

15   Material pursuant to Paragraphs 7.2(a), (f), or (g), or Paragraph 7.3(e) shall not

16   retain copies of such Protected Material.

17   7.6 <u>Prosecution Bar</u>.  Absent written consent from all parties, any individual

18   (including individual Outside Counsel, but not a firm, who represents a party to this

19   action) who obtains, receives, has access to, or otherwise learns, in whole or in part,

20   technical information of an opposing party designated "HIGHLY

21   CONFIDENTIAL" under this Stipulated Protective Order shall not prepare,

22   prosecute, supervise the prosecution of, consult concerning, or assist in the

23   prosecution of any patent or patent application which is directed in whole or in part

24   to any devices or any methods of manufacturing any devices that are used for

25   cutting obdurate materials under demanding environmental conditions and that are

26   or are to be manufactured using hot isostatic pressing, cold isostatic pressing,

27   sintering and/or diffusion bonding including without limitation (i) any patent

28   application directed to any of the alleged trade secrets being asserted in this action,

(ii) any patent or patent application claiming priority to any application directed to any of the trade secrets asserted in this action, and (iii) any application related to any of the alleged trade secrets being asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this paragraph, "prosecution" includes, but is not limited to, directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  This Prosecution Bar shall begin when the affected individual first has access to or learns "HIGHLY CONFIDENTIAL" information of an adversary (or, in the case of Outside Counsel, a client's adversary) and shall end (i) two (2) years after the affected individual first has access or learns the "HIGHLY CONFIDENTIAL" information, or (ii) one (1) year after final termination of this action, whichever is longer.  Notwithstanding the above, nothing in this paragraph shall prevent an individual who receives access to "HIGHLY CONFIDENTIAL" information from participating in the prosecution of or defense to a patent reexamination.

## 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a discovery request, subpoena or an order issued in other litigation or by a governmental agency that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the Receiving Party must, unless prohibited by law, so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena, or court order or governmental agency order.

The Receiving Party also must immediately inform in writing the party who caused the discovery request, subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this

Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court or before the governmental agency which issued the subpoena or order.  The Designating Party shall bear the burden and expense of seeking to protect its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action or a lawful order or directive from another court or any governmental agency.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgement.

## 10. FILING PROTECTED MATERIAL.

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal. The application shall be directed to the judge to whom the papers are directed and it shall set forth facts sufficient to establish "good cause" for filing the designated information or documents under seal pursuant to Fed. R. Civ. Proc. 26(c).

1     For motions, the parties shall publicly file a redacted version of the motion

2    and supporting papers.  In the event an application to file any document under seal

3    relates to a dispositive motion, the application shall set forth facts sufficient to show

4    that "compelling reasons" support a filing under seal.  *See Kamakana v. City and*

5    *County of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006); *Foltz v. State Farm*

6    *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

7       **11. <u>FINAL DISPOSITION.</u>**

8     Unless otherwise ordered or agreed in writing by the Producing Party, within

9    ninety (90) days after the final termination of this action, including any appeals,

10    each Receiving Party shall, at its option, destroy all Protected Material or return it

11    to the Producing Party.  As used in this subdivision, "Protected Material" includes

12    all copies, abstracts, compilations, summaries or any other form of reproducing or

13    capturing any Protected Material.  Thereafter, the Receiving Party shall submit a

14    written certification to the Producing Party (and, if not the same person or entity, to

15    the Designating Party) by the 30-day deadline stating that all Protected Material

16    was returned or destroyed, as the case may be.  Notwithstanding this provision,

17    Counsel are entitled to retain an archival copy of all pleadings, motion papers,

18    transcripts, legal memoranda, correspondence or attorney work product, even if

19    such materials contain Protected Material.  Any such archival copies that contain or

20    constitute Protected Material remain subject to this Protective Order as set forth in

21    Section 4 (DURATION), above.

22       **12. <u>INADVERTENTLY PRODUCED DOCUMENTS</u>**

23     If a party at any time notifies any other Party that it inadvertently produced

24    documents, testimony, information, and/or things that are protected from disclosure

25    under the attorney-client privilege, work product doctrine, and/or any other

26    applicable privilege or immunity from disclosure, or the Receiving Party discovers

27    such inadvertent production, the inadvertent production shall not be deemed a

28    waiver of the applicable privilege or protection.  The Receiving Party shall

1  immediately return all copies of such documents, testimony, information and/or

2  things to the inadvertently producing Party and shall not use such items for any

3  purpose until further order of the Court.  In all events, such return must occur

4  within three (3) business days of receipt of notice or discovery of the inadvertent

5  production.  The return of any discovery item to the inadvertently producing Party

6  shall not in any way preclude the Receiving Party from moving the Court for a

7  ruling that the document or thing was never privileged.

8  **13. <u>ATTORNEY RENDERING ADVICE</u>**

9  Nothing in this Protective Order will bar or otherwise restrict an attorney

10  from rendering advice to his or her client with respect to this matter or from relying

11  upon  or  generally  referring  to  "CONFIDENTIAL"  or  "HIGHLY

12  CONFIDENTIAL" Disclosure or Discovery Material in rendering such advice;

13  provided however, that in rendering such advice or in otherwise communicating

14  with his or her client, the attorney shall not reveal or disclose the specific content

15  thereof if such disclosure is not otherwise permitted under this Protective Order.

16  **14. <u>MISCELLANEOUS</u>**

17  14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

18  person to seek its modification by the Court in the future.

19  14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

20  Protective Order no Party waives any right it otherwise would have to object to

21  disclosing or producing any information or item on any ground not addressed in

22  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

23  any ground to use in evidence of any of the material covered by this Protective

24  Order.

25  IT IS SO ORDERED.

26

27  Dated:  February 01, 2013

28
Robert N. Block
U.S. Magistrate Judge

1

2 SUBMITTED BY:

3 Michael E. Attaya (Admitted Pro Hac Vice)
Cesari and McKenna, LLP
4 88 Black Falcon Avenue
Boston, MA 02210
5 Telephone: (617) 951-2500
Facsimile: (617) 951-3927
6 Email:  mattaya@c-m.com

7           And

8 Thomas W. Ferrell (Bar No. 115605)
Higgs, Fletcher & Mack, LLP
9 401 West A Street
Suite 2600
10 San Diego, CA 92101
Email: tferrell@higgslaw.com
11

12 Counsel for Plaintiff Gerhard B. Beckmann
d/b/a Beckmann Engineering
13

14 Robert H. Dewberry (Bar No. 89354)
The Dewberry Firm
15 20271 S.W. Birch Street, #100
Newport Beach, CA 92660
16 Telephone: (949) 955-2940
Facsimile: (949) 203-8768
17 Email:  Robert.dewberry@dewlaw.net

18           And

19 Frederic M. Douglas (Bar No. 212778)
15333 Culver Drive, #340
20 Irvine, CA 92604-3051
Telephone: (949) 293-0442
21 Facsimile: (949) 203-8768
Email: fdouglas@cox.net

22 Counsel for Defendants Synertech P/M, Inc.,
Charles J. Barré, Victor Samarov,
23 Dmitry Seliverstov, Evgeny Khomyakov
and Roy Morrell
24

25 Douglas H. Morseburg (Bar No. 126205)
Sheldon Mak & Anderson PC
26 100 Corson Street, Third Floor
Pasadena, CA 91103-3842
27 Telephone:  (626) 796-4000
Facsimile:  (626) 795-6321
28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

STIPULATED PROTECTIVE ORDER          16          Case No. SACV 11-01421-JGB-(RNBx)

1    Email:  douglas.morseburg@usip.com

2    Attorneys for Defendant Kittyhawk, Inc.

3

4    Igor Troitski
     6971 Dancing Cloud Avenue
     Henderson, NV 89011
5    Telephone: (702) 558-5650
     Email:  igortroitski@sprintmail.com
6
     Defendant In Pro Per
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

EXHIBIT A

2

3

UNITED STATES DISTRICT COURT

4

CENTRAL DISTRICT OF CALIFORNIA

5

GERHARD B. BECKMANN d/b/a
BECKMANN ENGINEERING,

6

7

Plaintiff,

8

v.

9

SYNERTECH P/M, INC.,
KITTYHAWK, INC., CHARLES J.
BARRE, VICTOR SAMAROV,
IGOR TROITSKI, DMITRY
SELIVERSTOV, EVGENY
KHOMYAKOV and ROY
MORRELL,

Case No. SACV 11-01421-JGB-(RNBx)

10

11

12

13

Defendants.

14

15

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**

16

**PROTECTIVE ORDER**

17

I, _____ [print or type full name],

18

of_____[print or type full address],

19

declare under penalty of perjury that I have read in its entirety and understand the

20

Stipulated Protective Order that was issued by the United States District Court for

21

the Central District of California, Southern Division, in the case of *Gerhard*

22

*Beckmann d/b/s Beckmann Engineering v. Synertech P/M, Inc., KittyHawk, Inc,*

23

*Charles J. Barre, Victor Samarov, Dmitry Seliverstov, Evgeny Khomyakov and Roy*

24

*Morrell,* Case No. SACV 11-01421-JGB-(RNBx).

25

I agree to comply with and be bound by all the terms of this Stipulated

26

Protective Order, and I understand and acknowledge that failure to so comply could

27

expose me to sanctions and punishment in the nature of contempt. I solemnly

28

promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**PROOF OF SERVICE**

I, Faith Kristiansen, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 100 Corson Street, Third Floor, Pasadena, California 91103. On February 1, 2013, I served a copy of the within document(s):

**[REVISED PROPOSED]** STIPULATED PROTECTIVE ORDER

1) Via the Court's ECF Filing System to the following parties:

| | |
|---|---|
| Thomas W. Ferrell, Esq.<br>HIGGS, FLETCHER & MACK, LLP<br>401 W. "A" STREET, SUITE 2600<br>San Diego, CA 92101-7913<br><br>Tel: 619.236.1551<br>Fax: 619.696.1410<br>Email: tferrell@higgslaw.com | Attorneys for Plaintiff Gerhard B. Beckmann d/b/a/ Beckmann Engineering |
| Michael E. Attaya, Esq.<br>CESARI AND MCKENNA, LLP<br>88 Black Falcon Avenue<br>Boston, MA 02210<br><br>Tel: 617.951.2500<br>Fax: 617.951.3927<br>Email: mattaya@c-m.com | Attorneys for Plaintiff Gerhard B. Beckmann d/b/a/ Beckmann Engineering |
| Frederic M. Douglas<br>Attorney at Law<br>15333 Culver Drive, #340<br>Irvine, CA 92604-3051<br><br>Tel: 949.293.0442<br>Fax: 949.203.8768 | Attorneys for Synertech P/M, Inc.; Charles Barré; Dmitry Seliverstov, Evgeny Khomyakov; Roy Morrell; and Victor Samarov |

| | |
|---|---|
| Email: fdouglas@cox.net | |
| Robert H. Dewberry<br>The Dewberry Firm<br>20271 S.W. Birch Street, #100<br>Newport Beach, CA  92660<br><br>Tel: 949.955.2940<br>Fax: 949.203.8768<br>Robert.dewberry@dewlaw.net | Attorneys for Synertech P/M, Inc.;<br>Charles Barré; Dmitry Seliverstov,<br>Evgeny Khomyakov; Roy Morrell; and<br>Victor Samarov |
| | |

2)  by transmitting via e-mail or electronic transmission the document(s)
listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Igor Troitski<br>6971 Dancing Cloud Avenue<br>Henderson, NV  89011<br><br>Tel: 702.558.5650<br>Email: igortroitski@sprintmail.com | In Pro Per |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 1, 2013 at Los Angeles, California.

_/s/ Faith Kristiansen_____

Faith Kristiansen